WEIMER, J.,
dissenting.
|!Although I share disappointment and concern about the applicant’s record with my learned colleagues, I respectfully dissent.
*164 When an applicant has a record of criminal offenses, this court typically will allow the applicant to take the bar exam and, if the applicant passes the exam, the applicant may, request the appointment of a commissioner to evaluate the applicant’s character and fitness. See, e.g., In re May, 12-1031, p. 1 (La.10/23/12), 101 So.3d 438, 438 (allowing the applicant to take the bar exam, notwithstanding the fact he had a criminal record that he had failed to disclose on his law school application).
Of course, permission to sit for the bar exam is no guarantee of admission to the bar, even if an applicant passes the exam. When, as here, the Committee on Bar Admissions has declined to certify an applicant for admission prior to taking the bar exam,, the applicant still bears the burden of proving good character and fitness to practice law, invoking the procedures described in La, Sup.Ct. Rule XVII, Sect. 9(D).
Here, I would allow the applicant to take the bar exam and, if the applicant passes the exam, the applicant could request the appointment of a commissioner to evaluate the applicant’s character and fitness. See La. Sup.Ct. Rule XVII, Sect. 9(D); see also In re Committee on Bar Admissions CFN-653816, 2016-1290, p. 1 (La.7/8/16), 197 So.3d 160, 161 (Weimer, J. dissenting) (indicating that the most “appropriate time” for the court to evaluate the character and fitness 'of an applicant |2whose background includes alleged criminal offenses is in separate proceedings involving “a hearing before a commissioner,” not in a request to take the bar exam.).